THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. SAMUEL P. FRANK, Appellant.— Judgment of the Court of Special Sessions, City of New York, Borough of Brooklyn, convicting the appellant of the crime of being a common gambler, and imposing a fine, unanimously affirmed. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. C. ERIL LETANG, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting defendant of the crime of practicing medicine without lawful authorization, license and registration, unanimously affirmed. No opinion. Appeal from sentence dismissed. Present — Nolan, P. J., Carswell, Johnston, Sneed and MacCrate, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED STRYKER, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALFRED STRYKER, Appellant.— Appeal by defendant from two orders of filiation of the Children's Court of the County of Westchester. Orders unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

BURTON L. READ, Respondent, v. F. HOWARD HOOKE, Doing Business under the Name of THE FINANCIAL AGE, Appellant.— In an action pursuant to the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 et seq.) for claimed unpaid overtime compensation, an additional equal amount as liquidated damages, and attorney's fee for the prosecution of the action, judgment in favor of plaintiff and against defendant reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Plaintiff was engaged to perform services in connection with the issuance of a weekly periodical, for which he was to be compensated the amount of $30 per week. The office hours of defendant's establishment were between 9:00 A.M. and 5:00 P.M. on each day, from Monday to Friday, inclusive, of each week, one hour being allowed for luncheon, and from 9:00 A.M. to 12:00 noon on Saturdays. Sometime after plaintiff's hiring, defendant's general manager undeniedly told plaintiff that he was not required to work on Saturdays, and plaintiff never told defendant or the general manager that he had done any work at home or outside of the stated hours. Under the circumstances, it is our opinion that the employment did not include overtime work, and none of the work "was engaged in during the portion of the day with respect to which it was * * * compensable" by express provision of contract, custom or practice. (Portal-to-Portal Act of 1947, § 2, subd. [b]; U. S. Code, tit. 29, § 252, subd. [b].) Nolan, P. J., Carswell, Adel, Sneed and Wenzel, JJ., concur.

BLANCHE SMALL, Respondent, v. WILLIAM SMALL, Appellant.— Action for the partition of a parcel of real property in Queens County, in which it was adjudged, inter alia, that the plaintiff and the defendant owned the parcel as tenants in common. Interlocutory judgment in favor of the plaintiff unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [See 275 App. Div. 770.]

SIDNEY SMITH, Appellant, v. REICH BROS. L. I. MOTOR FREIGHT, INC., Respondent.— In an action to recover damages for personal injuries suffered by plaintiff when a taxicab which he was operating collided with defendant's truck and trailer, there was a verdict for defendant. Judgment entered on the verdict unanimously affirmed, with costs. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ. [See 275 App. Div. 679.]